UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phillip Yarbrough, and<br>Dmitry Pronin,<br><br>      Plaintiffs,<br><br>vs.<br><br>Charles Wright;<br>Neal Urch;<br>Ashley McCann, and<br>L. Blackwell,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 5:16-cv-02924-HMH-KDW<br><br><br>ORDER |

   This is a civil rights action filed by two prisoners, one pretrial detainee and one federal prisoner, proceeding pro se. The Complaint was signed by both prisoners, indicating a desire to litigate issues concerning the conditions of their confinement. Because the Plaintiffs are prisoners, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), applies to this case. The PLRA requires prisoners to pay the full $350.00 filing fee for a civil action, as funds are available, although the fee may be paid in installments. 28 U.S.C. § 1915(b); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006). The Fourth Circuit has not addressed the issue of payment of fees in a case filed by multiple plaintiffs subject to the PLRA. However, the undersigned is persuaded by the reasoning of the Eleventh Circuit in *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001), which held that multiple prisoners are not allowed to join together in a single lawsuit. Because the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple-plaintiff case subject to the PLRA, the *Hubbard* court found that it was appropriate to sever the claims and require each

prisoner to file a separate lawsuit. *Id*. at 1198.[1] This court has followed *Hubbard* in numerous cases. *See, e.g.,* Order, *Goins v. S.C. Dep't of Corr.*, No. 4:12-1924-CMC-TER (D.S.C. Aug. 3, 2012), ECF No. 9; Order, *Stepney v. Leeke*, No. 1:12-1463-JMC-SVH, (D.S.C. June 11, 2012), ECF No. 5; Order, *Blakely v. Hallman*, No. 5:12-1289-TMC-KDW (D.S.C. May 30, 2012), ECF No. 10; Order, *Northrop v. Major*, No. 8:10-2580-RMG-BHH (D.S.C. Oct. 25, 2010), ECF No. 7. Accordingly, the undersigned concludes that the claims of the two Plaintiffs in the instant action should be separated for initial review.

**TO THE CLERK OF COURT**:

This case shall be associated only with the first-named Plaintiff, Phillip Yarbrough. Therefore, the Clerk of Court is directed to remove Dmitry Pronin as a plaintiff in this case and to terminate his Motion to for Leave to Proceed *in forma pauperis* in this action. The Clerk of Court is further directed to assign a separate civil action number to Plaintiff Dmitry Pronin. The Clerk of Court shall file this Order as the initial docket entry in the newly created case and shall re-file the instant Complaint and Plaintiff Dmitry Pronin's Motion for Leave to Proceed *in forma pauperis* as subsequent docket entries in the newly created action. The Defendants in the newly created case will be the same Defendants listed in this case. The Clerk of Court is authorized to determine the most efficient way and time for assigning and entering the new case number, party information, and pleading information on the court's electronic case management system.

After the new case is docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Order issued in *In Re: Procedures in Civil Actions Filed by*

---

[1] A prisoner must also exhaust administrative remedies prior to filing suit for civil rights violations. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Just as payment of one filing fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the plaintiffs.

*Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial reviews in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

November 15, 2016                                           s/Henry M. Herlong, Jr.
Greenville, South Carolina                              Senior United States District Judge

3